## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSEPH ERIC DEMOSS,

     Plaintiff,

v.                                                                                  No. 24-cv-0674-MLG-KRS

DONA ANA COUNTY COMMISSIONERS, *et al,*

     Defendants.

### MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Eric Demoss filed a civil rights action based on his previous detention at the Doña Ana County Jail (the "Jail"). His *pro se* Amended Prisoner Civil Rights Complaint, Doc. 2 ("Complaint"), seeks money damages based on the alleged failure to provide adequate medical care. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will order the Board of County Commissioners for Doña Ana County (the "Board") to answer the Complaint.

### BACKGROUND[1]

In 2022, Demoss entered the Jail following his arrest on federal charges, No. 22-cr-2032 MIS. Doc. 2 at 12. At the time, he was suffering from a large hernia in his pelvis. *Id.* Demoss visited the Jail's medical department shortly after his arrival, but he was not referred to an outside physician or hospital. *Id.* Jail officials purportedly requested approval from the United States Marshal Service ("USMS") to transfer Demoss and obtain treatment from an outside hospital. *Id.* Jail officials allegedly stated that without such approval, the Sheriff's Department (*i.e.,* Doña Ana

---

[1] For the purpose of this ruling, the Court accepts as true all facts in the Complaint. *See* Doc. 2.

County) would have to "pay for the surgery." *Id.*

After a month, the hernia grew to the size of a tennis ball and caused intense pain. Doc. 2 at 12. Demoss requested a medical appointment, but an unnamed unit officer at the Jail stated that "medical was aware of the condition." *Id.* When Demoss was later unable to walk, the medical department informed him that the USMS denied his request to be seen by an outside doctor/hospital. *Id.* at 13. Demoss alleges his condition worsened for several months, but neither the Jail nor the USMS would approve a surgery. *Id.* Demoss's defense attorney eventually raised the issue in his criminal case. *Id.* The Court set a hearing in his criminal case to address Demoss's medical care, but Jail officials transported him to the hospital for emergency surgery before the hearing date. *Id.* The hernia was repaired, but Demoss alleges that he continues to experience pain and distorted intestinal tissue as a result of the delay in medical care. *Id.*

Based on these facts, the Complaint raises claims for deliberate indifference to medical needs in violation of the Eighth Amendment and 42 U.S.C. § 1983. Doc. 1 at 3. The Complaint also raises claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* Demoss names four Defendants: (1) the Board; (2) the Doña Ana County Sheriff (the "Sheriff"); (3) John/Jane Doe Medical Staff at the Jail ("Unnamed Medical Staff"); and (4) USMS. *Id.* at 2-3. Demoss seeks $5 million in damages. *Id.* at 5. After filing the Complaint, Demoss filed a Motion to Issue Summons, Doc. 13, and a Motion to Appoint Counsel, Doc. 16. Demoss paid the $405 filing fee, and the Complaint/Motions are ready for initial review under 28 U.S.C. § 1915A.

### STANDARDS GOVERNING INITIAL REVIEW

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that are filed against a government official.[2] The Court must dismiss any such

---

[2] Section 1915(e) of Title 28 contains a separate screening provision where the *pro se* filer is

complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Since Demoss is proceeding *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.*

**DISCUSSION**

Construed liberally, the Complaint raises 42 U.S.C. § 1983 claims against Doña Ana County officials (Unnamed Medical Staff; the Sheriff; and the Board) and *Bivens* claims against the USMS. *See Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (stating § 1983 "provides a cause of action against state officials who violate constitutional or other federally protected

---

proceeding *in forma pauperis*. Because Plaintiff is not proceeding *in forma pauperis*, the Court applies 28 U.S.C. § 1915A, rather than 28 U.S.C. § 1915.

3

rights," while *Bivens* "provides a private action for damages against federal officers who violate certain constitutional rights").  The Court will address each type of claim below.

## I.        Section 1983 Claims Against Doña Ana County Officials

"A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. Essentially, "a successful § 1983 complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Applying these standards, the Complaint fails to state a cognizable § 1983 claim against the Sheriff or the Unnamed Medical Staff. The alleged facts fail to connect the Sheriff to the Jail's medical care, and in any event, the Board is the proper defendant for claims against a sheriff's department. *See Brown v. Sedgwick Cty. Sheriff's Office*, 513 Fed. App'x 706, 707-08 (10th Cir. 2013) (the Board of County Commissioners is the appropriate defendant for claims against the sheriff's office); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381 (10th Cir. 1992) (police departments are "not suable entities under § 1983, because they lack legal identities apart from the municipality"). Demoss's claims against the Sheriff are therefore dismissed.

While a § 1983 claim may be made against the Jail's medical staff, the Complaint fails to connect any individual to the alleged wrongdoing beyond listing John/Jane Doe Defendants in the caption. *See Pahls*, 718 F.3d at 1225-26 ("collective allegations" regarding the alleged wrongdoing

4

do not state a viable claim, nor do "active-voice yet undifferentiated contention that 'defendants' infringed [plaintiff's] rights"). The Complaint also fails to provide a sufficient description that would allow for service on any individual. *See Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996) (noting the Tenth Circuit has "recognized the ability of a plaintiff to use unnamed defendants so long as the plaintiff provides an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served."). Based on the nature of the allegations, the Court declines to dismiss any claims against Unnamed Medical Staff at this time. Demoss must provide a description and/or the names of any unnamed Defendants within a reasonable time, and at the latest, before any recommended disposition on dispositive motions. If Demoss fails to identify unnamed defendants before the case is ready for a recommended disposition, the Court may dismiss all claims against unnamed defendants with prejudice.

Finally, Demoss may proceed with a § 1983 claim against the Board. Local governmental entities (such as a Board of County Commissioners) may not be held liable under § 1983 for the actions of its employees based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To establish the liability of a board under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). For purposes of *Monell,* the relevant policy or custom must consist of:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

5

*Bryson v. City of Oklahoma City*, 627 F.3d 784, 788 (10th Cir. 2010) (quotations omitted).

The Complaint alleges that Jail officials failed to treat Demoss's hernia until he was unable to walk and required emergency surgery. Doc. 1 at 12-14. These officials allegedly delayed care and attempted to contact the USMS so that Doña Ana County would not "have to pay for the surgery." *Id.* at 12. Construing the facts liberally, and considering Demoss's *pro se* status, the Complaint adequately alleges that the county jail and Board had an informal policy of delaying medical care to avoid incurring costs, and such policy contributed to Demoss's injuries. The claims against the Board therefore survive initial review. The Clerk's Office will issue forms notifying the Board of the Complaint and requesting a waiver of service using the publicly available address for the Board's Legal Department (845 N Motel Blvd Las Cruces, NM 88007).  If the Board declines to waive service without good cause, the Court may impose fees/costs.

## II.    *Bivens* Claim Against the USMS

Construed liberally, the Complaint also asserts a *Bivens* claim against the USMS. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating that *Bivens* actions are the "federal analog" to § 1983 actions). *Bivens* provides a remedy for certain constitutional violations committed by federal actors. *See Ingram v. Faruque,* 728 F.3d 1239, 1243 (10th Cir. 2013) (noting *Bivens* recognized "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights"). A "*Bivens* claim can be brought only against federal officials in their individual capacities." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). "*Bivens* claims cannot be asserted directly against the United States . . . or federal agencies." *Id.*  Because the Complaint here asserts a *Bivens* claim against the USMS (*i.e.,* the federal agency itself), the

claim must be dismissed.[3]

**CONCLUSION**

For the reasons above, Demoss's 42 U.S.C. § 1983 claims against the Board of County Commissioners for Doña Ana County survive initial review under 28 U.S.C. § 1915A. The Clerk's Office shall mail the Complaint, Doc. 2, a copy of this ruling; and forms providing notice and a request to waive service to the following address:

>Board of County Commissioners for Doña Ana County
>c/o Doña Ana County Legal Department and County Attorney Cari Neill
>845 N Motel Blvd
>Las Cruces, NM 88007

The Court therefore grants Demoss's Motion to Issue Summons, Doc. 13, in part, to the extent he seeks to start the service process on the Board.

Demoss's claims against the Sheriff and the USMS are dismissed without prejudice. Demoss must identify the names or a description of any unnamed Defendants, including Unnamed

---

[3] It is also unlikely that Demoss can maintain a *Bivens* claim against individual U.S. Marshals. "In [*Bivens*], the [Supreme] Court broke new ground by holding that a person claiming to be a victim of an unlawful arrest and search [in his home] could bring a Fourth Amendment claim for damages against the responsible agents even though no federal statute authorized such a claim." *Hernandez v. Mesa*, 589 U.S. 93 (2020) ("*Hernandez II*"). After *Bivens*, the Supreme Court extended the remedy for damages in *Bivens* to two other cases. *See Egbert v. Boule*, 596 U.S. 482, 490 (2022) (discussing *Davis v. Passman*, 442 U.S. 228 (1979); *Carlson v. Green*, 446 U.S. 14 (1980)). Since then, the "[Supreme] Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675 (2009)). Indeed, "[o]ver the past 42 years," the Supreme Court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations." *Egbert*, 596 U.S. at 483. *Hernandez II*, 589 U.S. at 742–3 (noting that the Supreme Court "ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*"). Other courts have therefore declined to expand *Bivens* to instances involving U.S. Marshals. *See Williford v. Pennsylvania,* No. 25-CV-4608, 2025 WL 2936896, at *8–11 (E.D. Pa. Oct. 14, 2025) (declining to recognize a *Bivens* claim against U.S. Marshals); *Bravo v. U.S. Marshals Serv.*, 684 F. Supp. 3d 112, 125–26 (S.D.N.Y. 2023) (dismissing federal pretrial detainee's deliberate indifference *Bivens* claim against U.S. Marshals).

Medical Staff, before any recommended disposition on dispositive motions.

To the extent Demoss requests the appointment of counsel, that motion will be denied without prejudice. "Courts are not authorized to appoint counsel in 1983 . . . cases; instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The record is not yet developed enough to ask local attorneys to appear *pro bono*. Demoss may renew the request at a later time, particularly if the case proceeds to trial. Demoss's Motion to Appoint Counsel, Doc. 16, is denied without prejudice.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW GARCIA